**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:26-cv-05673

FASEL ZEWDE and
INKU KIRKOS,

Plaintiffs,

v.

LIBERTY MUTUAL PERSONAL INSURANCE COMPANY,

Defendant.

---

**DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT**

---

Defendant Liberty Mutual Personal Insurance Company ("Defendant"), by and through its undersigned counsel, Womble Bond Dickinson (US) LLP, hereby answers Plaintiffs' Complaint and Jury Demand ("Complaint") as follows:

**PARTIES**

1. Defendant admits, upon information and belief, the allegations set forth in paragraph 1 of Plaintiffs' Complaint.

2. Defendant admits, upon information and belief, the allegations set forth in paragraph 2 of Plaintiffs' Complaint.

3. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 3 of Plaintiffs' Complaint, and therefore denies same.

4. With respect to the allegations set forth in paragraph 4 of Plaintiffs' Complaint, Defendant admits that it issued a homeowners insurance policy to Plaintiffs, policy no. H3V-291-453828-70, effective December 17, 2024 through December 17, 2025 (the "Policy"), insuring the property located at 330 Colorado Blvd., Denver, Colorado 80206-4524 (the "Property"), subject to certain terms, conditions, limitations and exclusions. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 4 of Plaintiffs' Complaint, and therefore denies same.

5. With respect to the allegations set forth in paragraph 5 of Plaintiffs' Complaint, Defendant admits that it is an insurance company incorporated under the laws of the State of Massachusetts, maintains its principal place of business in Boston, Massachusetts, and is authorized to transact the business of insurance in the State of Colorado. By way of further response, Defendant admis that it issued the Policy. Defendant denies any and all allegations set forth in paragraph 5 of Plaintiffs' Complaint not expressly admitted herein.

## JURISDICTION AND VENUE

6. With respect to the allegations set forth in paragraph 6 of Plaintiffs' Complaint, Defendant admits that this action was properly removed to the United States District Court for the District of Colorado, which properly exercises subject matter jurisdiction. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 6 of Plaintiffs' Complaint, and therefore denies same.

7. With respect to the allegations set forth in paragraph 7 of Plaintiffs' Complaint, Defendant admits that this action was properly removed to the United States District Court for the District of Colorado, which properly exercises personal jurisdiction over the parties. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 7 of Plaintiffs' Complaint, and therefore denies same.

8. With respect to the allegations set forth in paragraph 8 of Plaintiffs' Complaint, Defendant admits that this action was properly removed to the United States District Court for the District of Colorado, in which venue is proper. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 8 of Plaintiffs' Complaint, and therefore denies same.

## RESPONSE TO PLAINTIFFS' ALLEGATIONS

9. With respect to the allegations set forth in paragraph 9 of Plaintiffs' Complaint, Defendant admits that it issued the Policy to Plaintiffs. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 9 of Plaintiffs' Complaint, and therefore denies same.

10. With respect to the allegations set forth in paragraph 10 of Plaintiffs' Complaint, Defendant admits that the Policy effective dates were December 17, 2024 through December 17, 2025. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 10 of Plaintiffs' Complaint, and therefore denies same.

11. With respect to the allegations set forth in paragraph 11 of Plaintiffs' Complaint, Defendant admits that the Policy renewed on December 17, 2025 and was subsequently non-renewed effective December 17, 2026. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 11 of Plaintiffs' Complaint, and therefore denies same.

12. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 12 of Plaintiffs' Complaint, and therefore denies same.

13. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 13 of Plaintiffs' Complaint, and therefore denies same.

14. With respect to the allegations set forth in paragraph 14 of Plaintiffs' Complaint, Defendant admits that the Policy contains a Landlord Endorsement – Colorado (FMHO6502CO 0523) (the "Landlord Endorsement"). Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 14 of Plaintiffs' Complaint, and therefore denies same.

15. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 15 of Plaintiffs' Complaint, and therefore denies same.

16. With respect to the allegations set forth in paragraph 16 of Plaintiffs' Complaint, Defendant admits that the Policy provides a Dwelling limit of coverage of $518,700, subject to applicable terms, conditions, limitations and exclusions. Defendant is without information or

knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 16 of Plaintiffs' Complaint, and therefore denies same.

17. With respect to the allegations set forth in paragraph 17 of Plaintiffs' Complaint, Defendant admits that the Policy provides a Loss of Use of Insured Location limit of coverage of $103,740, subject to applicable terms, conditions, limitations and exclusions. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 17 of Plaintiffs' Complaint, and therefore denies same.

18. With respect to the allegations set forth in paragraph 18 of Plaintiffs' Complaint, Defendant admits that the Policy provides a deductible of $2,500 for losses covered under Section I of the Policy and a separate deductible for wind/hail losses. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 18 of Plaintiffs' Complaint, and therefore denies same.

19. With respect to the allegations set forth in paragraph 19 of Plaintiffs' Complaint, Defendant admits that the Policy provides coverage for the Property, subject to applicable terms, conditions, limitations and exclusions. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 19 of Plaintiffs' Complaint, and therefore denies same.

20. With respect to the allegations set forth in paragraph 20 of Plaintiffs' Complaint, Defendant admits that the Policy provides coverage for the Property, subject to applicable terms, conditions, limitations and exclusions. Defendant is without information or knowledge sufficient

to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 20 of Plaintiffs' Complaint, and therefore denies same.

21. With respect to the allegations set forth in paragraph 21 of Plaintiffs' Complaint, Defendant admits that the Policy provides coverage for the Property, subject to applicable terms, conditions, limitations and exclusions. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 21 of Plaintiffs' Complaint, and therefore denies same.

22. With respect to the allegations set forth in paragraph 22 of Plaintiffs' Complaint, Defendant admits that the Policy provides coverage for the Property, subject to applicable terms, conditions, limitations and exclusions. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 22 of Plaintiffs' Complaint, and therefore denies same.

23. With respect to the allegations set forth in paragraph 23 of Plaintiffs' Complaint, Defendant admits that the Policy provides coverage for the Property, subject to applicable terms, conditions, limitations and exclusions. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 23 of Plaintiffs' Complaint, and therefore denies same.

24. With respect to the allegations set forth in paragraph 24 of Plaintiffs' Complaint, Defendant admits that the Policy provides coverage for the Property, subject to applicable terms, conditions, limitations and exclusions including, but not limited to, those set forth in the Landlord Endorsement. Defendant is without information or knowledge sufficient to form a

belief as to the truth or falsity of the remaining allegations set forth in paragraph 24 of Plaintiffs' Complaint, and therefore denies same.

25. With respect to the allegations set forth in paragraph 25 of Plaintiffs' Complaint, Defendant admits that the Policy provides coverage for the Property, subject to applicable terms, conditions, limitations and exclusions. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 25 of Plaintiffs' Complaint, and therefore denies same.

26. With respect to the allegations set forth in paragraph 26 of Plaintiffs' Complaint, Defendant admits that the Policy provides coverage for the Property, subject to applicable terms, conditions, limitations and exclusions. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 26 of Plaintiffs' Complaint, and therefore denies same.

27. With respect to the allegations set forth in paragraph 27 of Plaintiffs' Complaint, Defendant admits that the Policy provides coverage for the Property, subject to applicable terms, conditions, limitations and exclusions. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 27 of Plaintiffs' Complaint, and therefore denies same.

28. With respect to the allegations set forth in paragraph 28 of Plaintiffs' Complaint, Defendant admits that the Policy provides coverage for the Property, subject to applicable terms, conditions, limitations and exclusions. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 28 of Plaintiffs' Complaint, and therefore denies same.

29. With respect to the allegations set forth in paragraph 29 of Plaintiffs' Complaint, Defendant admits that it handled and paid the claim submitted by Plaintiffs, claim no. 059718237 (the "Claim"), subject to applicable terms, conditions, limitations and exclusions of the Policy. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 29 of Plaintiffs' Complaint, and therefore denies same.

30. With respect to the allegations set forth in paragraph 30 of Plaintiffs' Complaint, Defendant admits that on July 10, 2025, Plaintiffs reported the Claim as a result of a failed refrigerator water line. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 30 of Plaintiffs' Complaint, and therefore denies same.

31. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 31 of Plaintiffs' Complaint, and therefore denies same.

32. With respect to the allegations set forth in paragraph 32 of Plaintiffs' Complaint, Defendant admits that it investigated the alleged damage and paid the Claim in accordance with the terms, conditions, limitations and exclusions of the Policy. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 32 of Plaintiffs' Complaint, and therefore denies same.

33. With respect to the allegations set forth in paragraph 33 of Plaintiffs' Complaint, Defendant admits that it investigated the alleged damage and paid the Claim in accordance with the terms, conditions, limitations and exclusions of the Policy. Defendant is without information

or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 33 of Plaintiffs' Complaint, and therefore denies same.

34. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 34 of Plaintiffs' Complaint, and therefore denies same.

35. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 35 of Plaintiffs' Complaint, and therefore denies same.

36. With respect to the allegations set forth in paragraph 36 of Plaintiffs' Complaint, Defendant admits that on July 10, 2025, Plaintiffs reported the Claim. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 36 of Plaintiffs' Complaint, and therefore denies same.

37. With respect to the allegations set forth in paragraph 37 of Plaintiffs' Complaint, Defendant admits that it assigned the claim reported by Plaintiffs, claim no. 059718237 (the "Claim"). Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 37 of Plaintiffs' Complaint, and therefore denies same.

38. With respect to the allegations set forth in paragraph 38 of Plaintiffs' Complaint, Defendant admits that it assigned representatives as appropriate, including Jacob Savage, to assist in the investigation and handling of the Claim. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 38 of Plaintiffs' Complaint, and therefore denies same.

39. With respect to the allegations set forth in paragraph 39 of Plaintiffs' Complaint, Defendant admits that it assigned representatives as appropriate, including Jacob Savage, to assist in the investigation and handling of the Claim. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 39 of Plaintiffs' Complaint, and therefore denies same.

40. With respect to the allegations set forth in paragraph 40 of Plaintiffs' Complaint, Defendant admits that its representatives, including Jacob Savage, communicated with Plaintiffs and their representatives in connection with the Claim. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 40 of Plaintiffs' Complaint, and therefore denies same.

41. With respect to the allegations set forth in paragraph 41 of Plaintiffs' Complaint, Defendant admits that it inspected the Property on July 22, 2025. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 41 of Plaintiffs' Complaint, and therefore denies same.

42. With respect to the allegations set forth in paragraph 42 of Plaintiffs' Complaint, Defendant admits that it sent a letter to Plaintiff Fasel Zewde, dated July 23, 2025, together with an estimate in the amount of $9,744,70 RCV. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 42 of Plaintiffs' Complaint, and therefore denies same.

43. With respect to the allegations set forth in paragraph 43 of Plaintiffs' Complaint, Defendant admits that it sent a letter to Plaintiff Fasel Zewde, dated July 23, 2025, together with an estimate in the amount of $9,744,70 RCV, and the letter further stated, in part, that coverage

would be provided for the ensuing water loss, subject to the terms, conditions, limitations and exclusions of the Policy including, but not limited to, the Policy exclusion for "wear and tear, marring, deterioration." Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 43 of Plaintiffs' Complaint, and therefore denies same.

44. With respect to the allegations set forth in paragraph 44 of Plaintiffs' Complaint, Defendant admits that it sent a letter to Plaintiff Fasel Zewde, dated July 23, 2025, together with an estimate in the amount of $9,744,70 RCV, and the letter further stated, in part, that coverage would be provided for the ensuing water loss, subject to the terms, conditions, limitations and exclusions of the Policy including, but not limited to, the Policy exclusion for "wear and tear, marring, deterioration." Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 44 of Plaintiffs' Complaint, and therefore denies same.

45. With respect to the allegations set forth in paragraph 45 of Plaintiffs' Complaint, Defendant admits that it sent a letter to Plaintiff Fasel Zewde, dated July 23, 2025, together with an estimate in the amount of $9,744,70 RCV, and the letter further stated, in part, that coverage would be provided for the ensuing water loss but not for deteriorated wooden framing within the basement, pursuant to the terms, conditions, limitations and exclusions of the Policy including, but not limited to, the Policy exclusion for "wear and tear, marring, deterioration." Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 45 of Plaintiffs' Complaint, and therefore denies same.

46. Defendant denies the allegations set forth in paragraph 46 of Plaintiffs' Complaint.

47. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 47 of Plaintiffs' Complaint, and therefore denies same.

48. With respect to the allegations set forth in paragraph 48 of Plaintiffs' Complaint, Defendant admits that it sent a letter to Plaintiff Fasel Zewde, dated November 5, 2025, together with a supplemental estimate in the amount of $24,308.88 RCV, and the letter further stated, in part, that coverage would be provided for the ensuing water loss but not for "rotted/deteriorated wooden framing exposed in the basement area," pursuant to the terms, conditions, limitations and exclusions of the Policy including, but not limited to, the Policy exclusions for "wear and tear, marring, deterioration" and "wet or dry rot." Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 48 of Plaintiffs' Complaint, and therefore denies same.

49. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 49 of Plaintiffs' Complaint, and therefore denies same.

50. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 50 of Plaintiffs' Complaint, and therefore denies same.

51. With respect to the allegations set forth in paragraph 51 of Plaintiffs' Complaint, Defendant admits, upon information and belief, that Paul Davis Restoration, Inc. performed work

at the Property. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 51 of Plaintiffs' Complaint, and therefore denies same.

52. With respect to the allegations set forth in paragraph 52 of Plaintiffs' Complaint, Defendant admits, upon information and belief, that Paul Davis Restoration, Inc. performed work at the Property for which Defendant paid $10,095.33 on August 22, 2025. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 52 of Plaintiffs' Complaint, and therefore denies same.

53. With respect to the allegations set forth in paragraph 53 of Plaintiffs' Complaint, Defendant admits that it issued payment to Paul Davis Restoration, Inc. in the amount of $10,095.33 on August 22, 2025. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 53 of Plaintiffs' Complaint, and therefore denies same.

54. With respect to the allegations set forth in paragraph 54 of Plaintiffs' Complaint, Defendant admits that it issued payment to Paul Davis Restoration, Inc. in the amount of $10,095.33 on August 22, 2025. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 54 of Plaintiffs' Complaint, and therefore denies same.

55. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 55 of Plaintiffs' Complaint, and therefore denies same.

56. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 56 of Plaintiffs' Complaint, and therefore denies same.

57. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 57 of Plaintiffs' Complaint, and therefore denies same.

58. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 58 of Plaintiffs' Complaint, and therefore denies same.

59. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 59 of Plaintiffs' Complaint, and therefore denies same.

60. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 60 of Plaintiffs' Complaint, and therefore denies same.

61. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 61 of Plaintiffs' Complaint, and therefore denies same.

62. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 62 of Plaintiffs' Complaint, and therefore denies same.

63. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 63 of Plaintiffs' Complaint, and therefore denies same.

64. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 64 of Plaintiffs' Complaint, and therefore denies same.

65. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 65 of Plaintiffs' Complaint, and therefore denies same.

66. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 66 of Plaintiffs' Complaint, and therefore denies same.

67. With respect to the allegations set forth in paragraph 67 of Plaintiffs' Complaint, Defendant admits that it inspected the Property on July 22, 2025. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 67 of Plaintiffs' Complaint, and therefore denies same.

68. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 68 of Plaintiffs' Complaint, and therefore denies same.

69. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 69 of Plaintiffs' Complaint, and therefore denies same.

70. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 70 of Plaintiffs' Complaint, and therefore denies same.

71. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 71 of Plaintiffs' Complaint, and therefore denies same.

72. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 72 of Plaintiffs' Complaint, and therefore denies same.

73. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 73 of Plaintiffs' Complaint, and therefore denies same.

74. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 74 of Plaintiffs' Complaint, and therefore denies same.

75. With respect to the allegations set forth in paragraph 75 of Plaintiffs' Complaint, Defendant admits that it prepared an estimate in the amount of $9,744,70 RCV and a subsequent estimate in the amount of $24,308.88. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 75 of Plaintiffs' Complaint, and therefore denies same.

76. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 76 of Plaintiffs' Complaint, and therefore denies same.

77. With respect to the allegations set forth in paragraph 77 of Plaintiffs' Complaint, Defendant admits that it applied a deductible in the amount of $2,500. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 77 of Plaintiffs' Complaint, and therefore denies same.

78. With respect to the allegations set forth in paragraph 78 of Plaintiffs' Complaint, Defendant admits that it prepared an estimate in the amount of $9,744,70 RCV, which included recoverable depreciation of $4,010.03. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 78 of Plaintiffs' Complaint, and therefore denies same.

79. With respect to the allegations set forth in paragraph 79 of Plaintiffs' Complaint, Defendant admits that it prepared an estimate in the amount of $9,744,70 RCV, which included Paid When Incurred (PWI) of $67.50. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 79 of Plaintiffs' Complaint, and therefore denies same.

80. With respect to the allegations set forth in paragraph 80 of Plaintiffs' Complaint, Defendant admits that it issued payment of $3,167.17 to Plaintiff Fasel Zewde on July 29, 2025. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 80 of Plaintiffs' Complaint, and therefore denies same.

81. With respect to the allegations set forth in paragraph 81 of Plaintiffs' Complaint, Defendant admits that it prepared an estimate in the amount of $24,308.88. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 81 of Plaintiffs' Complaint, and therefore denies same.

82. With respect to the allegations set forth in paragraph 82 of Plaintiffs' Complaint, Defendant admits that on or about September 18, 2025, it prepared an estimate in the amount of $24,308.88 RCV. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 82 of Plaintiffs' Complaint, and therefore denies same.

83. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 83 of Plaintiffs' Complaint, and therefore denies same.

84. With respect to the allegations set forth in paragraph 84 of Plaintiffs' Complaint, Defendant admits that it prepared an estimate in the amount of $24,308.88 RCV, which included recoverable depreciation of $7,762.55. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 84 of Plaintiffs' Complaint, and therefore denies same.

85. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 85 of Plaintiffs' Complaint, and therefore denies same.

86. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 86 of Plaintiffs' Complaint, and therefore denies same.

87. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 87 of Plaintiffs' Complaint, and therefore denies same.

88. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 88 of Plaintiffs' Complaint, and therefore denies same.

89. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 89 of Plaintiffs' Complaint, and therefore denies same.

90. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 90 of Plaintiffs' Complaint, and therefore denies same.

91. With respect to the allegations set forth in paragraph 91 of Plaintiffs' Complaint, Defendant admits that it prepared an estimate in the amount of $24,308.88 RCV, which included, in part, allowance for the sanding and refinishing of wood floors at the Property. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 91 of Plaintiffs' Complaint, and therefore denies same.

92. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 92 of Plaintiffs' Complaint, and therefore denies same.

93. Defendant denies the allegations set forth in paragraph 93 of Plaintiffs' Complaint.

94. Defendant denies the allegations set forth in paragraph 94 of Plaintiffs' Complaint.

95. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 95 of Plaintiffs' Complaint, and therefore denies same.

96. With respect to the allegations set forth in paragraph 96 of Plaintiffs' Complaint, Defendant admits that it issued payment of $10,879.16 to Plaintiffs on September 19, 2025, which Plaintiffs did not cash (*see* Plaintiff Fasel Zewde's February 13, 2026 email to Bob Hall), and which Defendant later reissued at Plaintiffs' request to Plaintiffs and their mortgage company on March 17, 2026. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 96 of Plaintiffs' Complaint, and therefore denies same.

97. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 97 of Plaintiffs' Complaint, and therefore denies same.

98. Defendant denies the allegations set forth in paragraph 98 of Plaintiffs' Complaint. By way of further response, Defendant issued payment of $3,167.17 to Plaintiff

Fasel Zewde on July 29, 2025 and issued payment of $10,879.16 to Plaintiffs on September 19, 2025, which Plaintiffs did not cash (*see* Plaintiff Fasel Zewde's February 13, 2026 email to Bob Hall), and which Defendant later reissued at Plaintiffs' request to Plaintiffs and their mortgage company on March 17, 2026, in addition to payment of $10,095.33 to Paul Davis Restoration, Inc. on August 22, 2025.

99. With respect to the allegations set forth in paragraph 99 of Plaintiffs' Complaint, Defendant admits that it issued payment to Paul Davis Restoration, Inc. in the amount of $10,095.33 on August 22, 2025. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 99 of Plaintiffs' Complaint, and therefore denies same.

100. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 100 of Plaintiffs' Complaint, and therefore denies same.

101. With respect to the allegations set forth in paragraph 101 of Plaintiffs' Complaint, Defendant admits that it sent a letter to Plaintiff Fasel Zewde, dated November 5, 2025, itemizing certain elements, including Dwelling (reconstruction) of $24,308.88, mitigation of $10,095.33, and Loss of Use of $31,280.00. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 101 of Plaintiffs' Complaint, and therefore denies same.

102. With respect to the allegations set forth in paragraph 102 of Plaintiffs' Complaint, Defendant admits that it sent a letter to Plaintiff Fasel Zewde, dated November 05, 2025, which provided, in part: "Loss of use: The policy will afford coverage for the loss of rent due to the

insured location being uninhabitable because of the loss. The policy owes loss of rent for the shortest time required to complete repairs. To date coverage has been extended for loss of rent from the date of loss July 10th, 2025, to November 16th, 2025, which is 129 days, over 4 months from when the loss occurred. Given the repair scope the policy has provided loss of rent reimbursement for the reasonable time it would take to complete repairs and payments for loss of use will cease beyond 11/16/25." Defendant denies any and all allegations set forth in paragraph 102 of Plaintiffs' Complaint not expressly admitted herein.

103. With respect to the allegations set forth in paragraph 103 of Plaintiffs' Complaint, Defendant admits that it sent a letter to Plaintiff Fasel Zewde, dated November 5, 2025, acknowledging Loss of Use of $31,280.00 and which provided, in part: "Loss of use: The policy will afford coverage for the loss of rent due to the insured location being uninhabitable because of the loss. The policy owes loss of rent for the shortest time required to complete repairs. To date coverage has been extended for loss of rent from the date of loss July 10th, 2025, to November 16th, 2025, which is 129 days, over 4 months from when the loss occurred. Given the repair scope the policy has provided loss of rent reimbursement for the reasonable time it would take to complete repairs and payments for loss of use will cease beyond 11/16/25." Defendant denies any and all allegations set forth in paragraph 103 of Plaintiffs' Complaint not expressly admitted herein.

104. With respect to the allegations set forth in paragraph 104 of Plaintiffs' Complaint, Defendant admits that it sent a letter to Plaintiff Fasel Zewde, dated November 05, 2025, acknowledging Loss of Use of $31,280.00 and which provided, in part: "Loss of use: The policy will afford coverage for the loss of rent due to the insured location being uninhabitable because

of the loss. The policy owes loss of rent for the shortest time required to complete repairs. To date coverage has been extended for loss of rent from the date of loss July 10th, 2025, to November 16th, 2025, which is 129 days, over 4 months from when the loss occurred. Given the repair scope the policy has provided loss of rent reimbursement for the reasonable time it would take to complete repairs and payments for loss of use will cease beyond 11/16/25." Defendant denies any and all allegations set forth in paragraph 104 of Plaintiffs' Complaint not expressly admitted herein.

105. With respect to the allegations set forth in paragraph 105 of Plaintiffs' Complaint, Defendant admits that it sent a letter to Plaintiff Fasel Zewde, dated November 5, 2025, acknowledging Loss of Use of $31,280.00 and which provided, in part: "Loss of use: The policy will afford coverage for the loss of rent due to the insured location being uninhabitable because of the loss. The policy owes loss of rent for the shortest time required to complete repairs. To date coverage has been extended for loss of rent from the date of loss July 10th, 2025, to November 16th, 2025, which is 129 days, over 4 months from when the loss occurred. Given the repair scope the policy has provided loss of rent reimbursement for the reasonable time it would take to complete repairs and payments for loss of use will cease beyond 11/16/25." Defendant denies any and all allegations set forth in paragraph 105 of Plaintiffs' Complaint not expressly admitted herein.

106. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 106 of Plaintiffs' Complaint, and therefore denies same.

107. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 107 of Plaintiffs' Complaint, and therefore denies same.

108. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 108 of Plaintiffs' Complaint, and therefore denies same.

109. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 109 of Plaintiffs' Complaint, and therefore denies same.

110. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 110 of Plaintiffs' Complaint, and therefore denies same.

111. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 111 of Plaintiffs' Complaint, and therefore denies same. By way of further response, Defendant states that it issued payments to Plaintiff Fasel Zewde in the amount of $3,167.17 on July 29, 2025 and $10,879.16 on September 19, 2025, in addition to payments for Loss of Use in the amount of $9,920.00 on July 25, 2025, $7,120.00 on September 2, 2025, $7,120.00 on September 25, 2025, and $7,120.00 on November 5, 2025, totaling Loss of Use of $31,280.00.

112. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 112 of Plaintiffs' Complaint, and therefore denies same.

113. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 113 of Plaintiffs' Complaint, and therefore denies same.

114. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 114 of Plaintiffs' Complaint, and therefore denies same.

115. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 115 of Plaintiffs' Complaint, and therefore denies same.

116. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 116 of Plaintiffs' Complaint, and therefore denies same.

117. Defendant denies the allegations set forth in paragraph 117 of Plaintiffs' Complaint.

118. Defendant denies the allegations set forth in paragraph 118 of Plaintiffs' Complaint.

119. Defendant denies the allegations set forth in paragraph 119 of Plaintiffs' Complaint.

120. Defendant denies the allegations set forth in paragraph 120 of Plaintiffs' Complaint.

121. Defendant denies the allegations set forth in paragraph 121 of Plaintiffs' Complaint.

122. With respect to the allegations set forth in paragraph 122 of Plaintiffs' Complaint, Defendant admits that it issued payments to Plaintiff Fasel Zewde for Loss of Use in the amount of $9,920.00 on July 25, 2025, $7,120.00 on September 2, 2025, $7,120.00 on September 25, 2025, and $7,120.00 on November 5, 2025, totaling Loss of Use of $31,280.00.

123. With respect to the allegations set forth in paragraph 123 of Plaintiffs' Complaint, Defendant admits that it issued payments to Plaintiff Fasel Zewde for Loss of Use in the amount of $9,920.00 on July 25, 2025, $7,120.00 on September 2, 2025, $7,120.00 on September 25, 2025, and $7,120.00 on November 5, 2025, totaling Loss of Use of $31,280.00.

124. With respect to the allegations set forth in paragraph 124 of Plaintiffs' Complaint, Defendant admits that it issued payments to Plaintiff Fasel Zewde for Loss of Use in the amount of $9,920.00 on July 25, 2025, $7,120.00 on September 2, 2025, $7,120.00 on September 25, 2025, and $7,120.00 on November 5, 2025, totaling Loss of Use of $31,280.00.

125. With respect to the allegations set forth in paragraph 125 of Plaintiffs' Complaint, Defendant admits that it issued payments to Plaintiff Fasel Zewde for Loss of Use in the amount of $9,920.00 on July 25, 2025, $7,120.00 on September 2, 2025, $7,120.00 on September 25, 2025, and $7,120.00 on November 5, 2025, totaling Loss of Use of $31,280.00.

126. With respect to the allegations set forth in paragraph 126 of Plaintiffs' Complaint, Defendant admits that it issued payments to Plaintiff Fasel Zewde for Loss of Use in the amount of $9,920.00 on July 25, 2025, $7,120.00 on September 2, 2025, $7,120.00 on September 25, 2025, and $7,120.00 on November 5, 2025, totaling Loss of Use of $31,280.00, and the last payment was issued on November 5, 2025. All checks have cleared. Defendant is without

information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 126 of Plaintiffs' Complaint, and therefore denies same.

127. Defendant denies the allegations set forth in paragraph 127 of Plaintiffs' Complaint.

128. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 128 of Plaintiffs' Complaint, and therefore denies same.

129. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 129 of Plaintiffs' Complaint, and therefore denies same. By way of further response, Defendant states that it issued payments to Plaintiff Fasel Zewde in the amount of $3,167.17 on July 29, 2025 and $10,879.16 on September 19, 2025, in addition to payments for Loss of Use in the amount of $9,920.00 on July 25, 2025, $7,120.00 on September 2, 2025, $7,120.00 on September 25, 2025, and $7,120.00 on November 5, 2025, totaling Loss of Use of $31,280.00.

130. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 130 of Plaintiffs' Complaint, and therefore denies same.

131. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 131 of Plaintiffs' Complaint, and therefore denies same. By way of further response, Defendant states that it issued payments to Plaintiff Fasel Zewde in the amount of $3,167.17 on July 29, 2025 and $10,879.16 on September 19, 2025, in addition to payments for Loss of Use in the amount of $9,920.00 on July 25, 2025,

$7,120.00 on September 2, 2025, $7,120.00 on September 25, 2025, and $7,120.00 on November 5, 2025, totaling Loss of Use of $31,280.00.

132. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 132 of Plaintiffs' Complaint, and therefore denies same.

133. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 133 of Plaintiffs' Complaint, and therefore denies same. By way of further response, Defendant states that it summarized the Claim history in a February 16, 2026 letter to Plaintiff Fasel Zewde.

134. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 134 of Plaintiffs' Complaint, and therefore denies same. By way of further response, Defendant states that it summarized the Claim history in a February 16, 2026 letter to Plaintiff Fasel Zewde.

135. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 133 of Plaintiffs' Complaint, and therefore denies same.

136. Defendant denies the allegations set forth in paragraph 136 of Plaintiffs' Complaint and states that it issued payments to Plaintiff Fasel Zewde in the amount of $3,167.17 on July 29, 2025 and $10,879.16 on September 19, 2025, in addition to payments for Loss of Use in the amount of $9,920.00 on July 25, 2025, $7,120.00 on September 2, 2025, $7,120.00 on September 25, 2025, and $7,120.00 on November 5, 2025.

137. Defendant denies the allegations set forth in paragraph 137 of Plaintiffs' Complaint

138. With respect to the allegations set forth in paragraph 138 of Plaintiffs' Complaint, Defendant admits that it issued a check to Plaintiffs in the amount of $10,879.16 on September 19, 2025, which remained uncashed, and at Plaintiffs' request, Defendant reissued the payment on March 17, 2026.

139. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 139 of Plaintiffs' Complaint, and therefore denies same. By way of further response, Defendant states that it mailed the reissued check in the amount of $10,879.16 on March 17, 2026 to the mortgage company address provided by Plaintiff Fasel Zewde.

140. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 140 of Plaintiffs' Complaint, and therefore denies same.

141. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 141 of Plaintiffs' Complaint, and therefore denies same.

142. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 142 of Plaintiffs' Complaint, and therefore denies same.

143. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 143 of Plaintiffs' Complaint, and therefore denies same.

144. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 144 of Plaintiffs' Complaint, and therefore denies same.

145. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 145 of Plaintiffs' Complaint, and therefore denies same.

146. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 146 of Plaintiffs' Complaint, and therefore denies same.

147. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 147 of Plaintiffs' Complaint, and therefore denies same.

148. With respect to the allegations set forth in paragraph 148 of Plaintiffs' Complaint, Defendant admits that it issued a check to Plaintiffs in the amount of $10,879.16 on September 19, 2025, which remained uncashed, and at Plaintiffs' request, Defendant reissued the payment on March 17, 2026. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 148 of Plaintiffs' Complaint, and therefore denies same.

149. With respect to the allegations set forth in paragraph 149 of Plaintiffs' Complaint, Defendant admits that it issued a check to Plaintiffs in the amount of $10,879.16 on September 19, 2025, which remained uncashed, and at Plaintiffs' request, Defendant reissued the payment on March 17, 2026. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 149 of Plaintiffs' Complaint, and therefore denies same.

150. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 150 of Plaintiffs' Complaint, and therefore denies same.

151. Defendant denies the allegations set forth in paragraph 151 of Plaintiffs' Complaint.

152. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 152 of Plaintiffs' Complaint, and therefore denies same.

153. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 153 of Plaintiffs' Complaint, and therefore denies same.

154. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 154 of Plaintiffs' Complaint, and therefore denies same.

155. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 155 of Plaintiffs' Complaint, and therefore denies same.

156. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 156 of Plaintiffs' Complaint, and therefore denies same.

157. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 157 of Plaintiffs' Complaint, and therefore denies same.

158. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 158 of Plaintiffs' Complaint, and therefore denies same.

159. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 159 of Plaintiffs' Complaint, and therefore denies same.

160. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 160 of Plaintiffs' Complaint, and therefore denies same.

161. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 161 of Plaintiffs' Complaint, and therefore denies same.

162. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 162 of Plaintiffs' Complaint, and therefore denies same.

163. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 163 of Plaintiffs' Complaint, and therefore denies same.

164. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 164 of Plaintiffs' Complaint, and therefore denies same.

165. Defendant denies the allegations set forth in paragraph 165 of Plaintiffs' Complaint.

166. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 166 of Plaintiffs' Complaint, and therefore denies same.

167. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 167 of Plaintiffs' Complaint, and therefore denies same.

168. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 168 of Plaintiffs' Complaint, and therefore denies same.

169. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 169 of Plaintiffs' Complaint, and therefore denies same.

170. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 170 of Plaintiffs' Complaint, and therefore denies same.

171. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 171 of Plaintiffs' Complaint, and therefore denies same.

172. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 172 of Plaintiffs' Complaint, and therefore denies same.

173. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 173 of Plaintiffs' Complaint, and therefore denies same.

174. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 174 of Plaintiffs' Complaint, and therefore denies same.

175. With respect to the allegations set forth in paragraph 175 of Plaintiffs' Complaint, Defendant admits that it received an estimate from Plaintiffs' attorneys and Preferred Claim Solutions, Inc. in the amount of $179,084.01. Defendant is without information or knowledge

sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 175 of Plaintiffs' Complaint, and therefore denies same.

176. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 176 of Plaintiffs' Complaint, and therefore denies same.

177. With respect to the allegations set forth in paragraph 177 of Plaintiffs' Complaint, Defendant admits that it received an estimate from Plaintiffs' attorneys and Preferred Claim Solutions, Inc. in the amount of $179,084.01 and responded on May 27, 2026 that, having reviewed the information submitted, there were currently no changes warranted to the current approval on the Claim. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 177 of Plaintiffs' Complaint, and therefore denies same.

178. Defendant admits the allegations set forth in paragraph 178 of Plaintiffs' Complaint.

179. Defendant denies the allegations set forth in paragraph 179 of Plaintiffs' Complaint.

180. Defendant denies the allegations set forth in paragraph 180 of Plaintiffs' Complaint.

181. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 181 of Plaintiffs' Complaint, and therefore denies same.

182. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 182 of Plaintiffs' Complaint, and therefore denies same.

183. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 183 of Plaintiffs' Complaint, and therefore denies same.

184. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 184 of Plaintiffs' Complaint, and therefore denies same.

185. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 185 of Plaintiffs' Complaint, and therefore denies same.

186. Defendant denies the allegations set forth in paragraph 186 of Plaintiffs' Complaint. By way of further response, Defendant states that it summarized the Claim history in a February 16, 2026 letter to Plaintiff Fasel Zewde, which provided, in part:

> On October 28, 2025, Claim Adjuster Jacob Savage responded to your correspondence regarding pending repairs, payments, and the status of your contractor's estimate. He confirmed that a reconstruction estimate has been approved for $24,308.88 and that you received actual cash value payments totaling $14,046.33. These funds, together with your deductible, were intended as the deposit to begin repairs; any recoverable depreciation will be paid upon completion of the repairs. He also advised that your contractor's estimate did not include the material quantities or specifications required for the supplemental review, and that the supplemental team had been unable to reach your contractor. Finally, he requested that you contact your mortgage company to obtain the information required to endorse the check.
>
> On January 8, 2026, Jacob followed up by email, he confirmed that a recoverable depreciation payment of $7,762.55 remains pending upon confirmation that repairs have been completed and noted that the $10,879.16 check issued in September has not cleared.

> To resolve your concerns, Team Manager Robert Hall spoke with you on February 11, 2026, and reviewed them in detail. He subsequently sent a follow-up email that included the statement of loss, the reconstruction estimate, and updated coverage and payment letter. He addressed all of your concerns and provided the next steps for resolving your claim.

187. Defendant denies the allegations set forth in paragraph 187 of Plaintiffs' Complaint.

188. With respect to the allegations set forth in paragraph 188 of Plaintiffs' Complaint, Defendant admits that Plaintiffs' new attorneys sent a letter to Defendant, dated September 10, 2026, which speaks for itself. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 188 of Plaintiffs' Complaint, and therefore denies same.

189. With respect to the allegations set forth in paragraph 189 of Plaintiffs' Complaint, Defendant admits that Plaintiffs' new attorneys sent a letter to Defendant, dated September 10, 2026, which speaks for itself. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 189 of Plaintiffs' Complaint, and therefore denies same.

190. With respect to the allegations set forth in paragraph 190 of Plaintiffs' Complaint, Defendant admits that Plaintiffs' new attorneys sent a letter to Defendant, dated September 10, 2026, which speaks for itself. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 190 of Plaintiffs' Complaint, and therefore denies same.

191. With respect to the allegations set forth in paragraph 191 of Plaintiffs' Complaint, Defendant admits that Plaintiffs' new attorneys sent a letter to Defendant, dated September 10,

2026, which speaks for itself. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 191 of Plaintiffs' Complaint, and therefore denies same.

192. With respect to the allegations set forth in paragraph 192 of Plaintiffs' Complaint, Defendant admits that Plaintiffs' new attorneys sent a letter to Defendant, dated September 10, 2026, which speaks for itself. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 192 of Plaintiffs' Complaint, and therefore denies same.

193. With respect to the allegations set forth in paragraph 193 of Plaintiffs' Complaint, Defendant admits that Plaintiffs' new attorneys sent a letter to Defendant, dated September 10, 2026, which speaks for itself. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 193 of Plaintiffs' Complaint, and therefore denies same.

194. With respect to the allegations set forth in paragraph 194 of Plaintiffs' Complaint, Defendant admits that Plaintiffs' new attorneys sent a letter to Defendant, dated September 10, 2026, which speaks for itself. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 194 of Plaintiffs' Complaint, and therefore denies same.

195. With respect to the allegations set forth in paragraph 195 of Plaintiffs' Complaint, Defendant admits that Plaintiffs' new attorneys sent a letter to Defendant, dated September 10, 2026, which speaks for itself. Defendant is without information or knowledge sufficient to form

a belief as to the truth or falsity of the remaining allegations set forth in paragraph 195 of Plaintiffs' Complaint, and therefore denies same.

196. With respect to the allegations set forth in paragraph 196 of Plaintiffs' Complaint, Defendant admits that Plaintiffs' new attorneys sent a letter to Defendant, dated September 10, 2026, which speaks for itself. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 196 of Plaintiffs' Complaint, and therefore denies same.

197. With respect to the allegations set forth in paragraph 197 of Plaintiffs' Complaint, Defendant admits that Plaintiffs' new attorneys sent a letter to Defendant, dated September 10, 2026, which speaks for itself. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 197 of Plaintiffs' Complaint, and therefore denies same.

198. With respect to the allegations set forth in paragraph 198 of Plaintiffs' Complaint, Defendant admits that Plaintiffs' new attorneys sent a letter to Defendant, dated September 10, 2026, which speaks for itself. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 198 of Plaintiffs' Complaint, and therefore denies same.

199. With respect to the allegations set forth in paragraph 199 of Plaintiffs' Complaint, Defendant admits that Plaintiffs' new attorneys sent a letter to Defendant, dated September 10, 2026, which speaks for itself. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 199 of Plaintiffs' Complaint, and therefore denies same.

200. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 200 of Plaintiffs' Complaint, and therefore denies same.

201. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 201 of Plaintiffs' Complaint, and therefore denies same.

202. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 202 of Plaintiffs' Complaint, and therefore denies same.

203. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 203 of Plaintiffs' Complaint, and therefore denies same.

204. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 204 of Plaintiffs' Complaint, and therefore denies same.

205. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 205 of Plaintiffs' Complaint, and therefore denies same.

206. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 206 of Plaintiffs' Complaint, and therefore denies same.

207. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 207 of Plaintiffs' Complaint, and therefore denies same.

208. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 208 of Plaintiffs' Complaint, and therefore denies same. By way of further response, Defendant states that it summarized the Claim history in a February 16, 2026 letter to Plaintiff Fasel Zewde.

209. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 209 of Plaintiffs' Complaint, and therefore denies same. By way of further response, Defendant states that it summarized the Claim history in a February 16, 2026 letter to Plaintiff Fasel Zewde.

210. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 210 of Plaintiffs' Complaint, and therefore denies same.

211. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 211 of Plaintiffs' Complaint, and therefore denies same.

212. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 212 of Plaintiffs' Complaint, and therefore denies same.

213. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 213 of Plaintiffs' Complaint, and therefore denies same.

214. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 214 of Plaintiffs' Complaint, and therefore denies same.

215. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 215 of Plaintiffs' Complaint, and therefore denies same.

216. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 216 of Plaintiffs' Complaint, and therefore denies same.

217. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 217 of Plaintiffs' Complaint, and therefore denies same. By way of further response, Defendant states that it issued the Policy.

218. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 218 of Plaintiffs' Complaint, and therefore denies same.

219. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 219 of Plaintiffs' Complaint, and therefore denies same.

220. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 220 of Plaintiffs' Complaint, and therefore denies same.

221. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 221 of Plaintiffs' Complaint, and therefore denies same.

222. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 222 of Plaintiffs' Complaint, and therefore denies same.

223. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 223 of Plaintiffs' Complaint, and therefore denies same.

224. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 224 of Plaintiffs' Complaint, and therefore denies same.

225. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 225 of Plaintiffs' Complaint, and therefore denies same. By way of further response, Defendant states that it maintained a claim file applicable to Plaintiffs' Claim.

226. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 226 of Plaintiffs' Complaint, and therefore denies same.

227. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 227 of Plaintiffs' Complaint, and therefore denies same.

228. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 228 of Plaintiffs' Complaint, and therefore denies same.

229. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 229 of Plaintiffs' Complaint, and therefore denies same.

230. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 230 of Plaintiffs' Complaint, and therefore denies same. By way of further response, Defendant states that claim representatives were assigned and supervised as appropriate for Plaintiffs' Claim.

231. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 231 of Plaintiffs' Complaint, and therefore denies same.

232. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 232 of Plaintiffs' Complaint, and therefore denies same.

233. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 233 of Plaintiffs' Complaint, and

therefore denies same. By way of further response, Defendant states that claim representatives were trained and supervised as appropriate for Plaintiffs' Claim.

234. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 234 of Plaintiffs' Complaint, and therefore denies same.

235. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 235 of Plaintiffs' Complaint, and therefore denies same.

236. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 236 of Plaintiffs' Complaint, and therefore denies same.

237. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 237 of Plaintiffs' Complaint, and therefore denies same.

238. Defendant denies the allegations set forth in paragraph 238 of Plaintiffs' Complaint.

239. Defendant denies the allegations set forth in paragraph 239 of Plaintiffs' Complaint.

240. Defendant denies the allegations set forth in paragraph 240 of Plaintiffs' Complaint.

241. Defendant denies the allegations set forth in paragraph 241 of Plaintiffs' Complaint.

242. Defendant denies the allegations set forth in paragraph 242 of Plaintiffs' Complaint.

243. Defendant denies the allegations set forth in paragraph 243 of Plaintiffs' Complaint.

244. Defendant denies the allegations set forth in paragraph 244 of Plaintiffs' Complaint.

245. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 245 of Plaintiffs' Complaint, and therefore denies same.

246. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 246 of Plaintiffs' Complaint, and therefore denies same.

247. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 247 of Plaintiffs' Complaint, and therefore denies same.

248. The allegations set forth in paragraph 248 of Plaintiffs' Complaint state a legal conclusion to which no answer or other response is necessary or required. To the extent an answer or response is deemed to be required by the Court, Defendant admits that, under certain circumstances, a duty of good faith and fair dealing arose under the Policy, which duty is reciprocal, and Defendant further denies that it has breached any duty of good faith and fair dealing as alleged by Plaintiffs in their Complaint. Defendant is without information or

knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 248 of Plaintiffs' Complaint, and therefore denies same.

249. The allegations set forth in paragraph 249 of Plaintiffs' Complaint state a legal conclusion to which no answer or other response is necessary or required. To the extent an answer or response is deemed to be required by the Court, Defendant admits that, under certain circumstances, a duty of good faith and fair dealing arose under the Policy, which duty is reciprocal, and Defendant further denies that it has breached any duty of good faith and fair dealing as alleged by Plaintiffs in their Complaint. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 249 of Plaintiffs' Complaint, and therefore denies same.

250. The allegations set forth in paragraph 250 of Plaintiffs' Complaint state a legal conclusion to which no answer or other response is necessary or required. To the extent an answer or response is deemed to be required by the Court, Defendant admits that, under certain circumstances, a duty of good faith and fair dealing arose under the Policy, which duty is reciprocal, and Defendant further denies that it has breached any duty of good faith and fair dealing as alleged by Plaintiffs in their Complaint. By way of further response, Defendant states that it conducted a fair, prompt and reasonable investigation of the Claim. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 250 of Plaintiffs' Complaint, and therefore denies same.

251. The allegations set forth in paragraph 251 of Plaintiffs' Complaint state a legal conclusion to which no answer or other response is necessary or required. To the extent an answer or response is deemed to be required by the Court, Defendant admits that, under certain

circumstances, a duty of good faith and fair dealing arose under the Policy, which duty is reciprocal, and Defendant further denies that it has breached any duty of good faith and fair dealing as alleged by Plaintiffs in their Complaint. By way of further response, Defendant states that it conducted a fair, prompt and reasonable investigation of the Claim. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 251 of Plaintiffs' Complaint, and therefore denies same.

252. The allegations set forth in paragraph 252 of Plaintiffs' Complaint state a legal conclusion to which no answer or other response is necessary or required. To the extent an answer or response is deemed to be required by the Court, Defendant admits that, under certain circumstances, a duty of good faith and fair dealing arose under the Policy, which duty is reciprocal, and Defendant further denies that it has breached any duty of good faith and fair dealing as alleged by Plaintiffs in their Complaint. By way of further response, Defendant states that it conducted a fair, prompt and reasonable investigation of the Claim. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 252 of Plaintiffs' Complaint, and therefore denies same.

253. The allegations set forth in paragraph 253 of Plaintiffs' Complaint state a legal conclusion to which no answer or other response is necessary or required. To the extent an answer or response is deemed to be required by the Court, Defendant admits that, under certain circumstances, a duty of good faith and fair dealing arose under the Policy, which duty is reciprocal, and Defendant further denies that it has breached any duty of good faith and fair dealing as alleged by Plaintiffs in their Complaint. By way of further response, Defendant states that it acknowledged and acted reasonably promptly upon communications in connection with

the Claim. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 253 of Plaintiffs' Complaint, and therefore denies same.

254. The allegations set forth in paragraph 254 of Plaintiffs' Complaint state a legal conclusion to which no answer or other response is necessary or required. To the extent an answer or response is deemed to be required by the Court, Defendant admits that, under certain circumstances, a duty of good faith and fair dealing arose under the Policy, which duty is reciprocal, and Defendant further denies that it has breached any duty of good faith and fair dealing as alleged by Plaintiffs in their Complaint. By way of further response, Defendant states that, in connection with the Claim, it provided a reasonable explanation of the basis in the Policy in relation to the facts for its Claim determination. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 254 of Plaintiffs' Complaint, and therefore denies same.

255. The allegations set forth in paragraph 255 of Plaintiffs' Complaint state a legal conclusion to which no answer or other response is necessary or required. To the extent an answer or response is deemed to be required by the Court, Defendant admits that, under certain circumstances, a duty of good faith and fair dealing arose under the Policy, which duty is reciprocal, and Defendant further denies that it has breached any duty of good faith and fair dealing as alleged by Plaintiffs in their Complaint. By way of further response, Defendant states that it paid to or on behalf of Plaintiffs a total of $55,421.66 in connection with the Claim pursuant to the terms, conditions, limitations and exclusions of the Policy. Defendant is without

information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 255 of Plaintiffs' Complaint, and therefore denies same.

256. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 256 of Plaintiffs' Complaint, and therefore denies same. By way of further response, Defendant states that it paid to or on behalf of Plaintiffs a total of $55,421.66 in connection with the Claim pursuant to the terms, conditions, limitations and exclusions of the Policy.

257. The allegations set forth in paragraph 257 of Plaintiffs' Complaint state a legal conclusion to which no answer or other response is necessary or required. To the extent an answer or response is deemed to be required by the Court, Defendant admits that, under certain circumstances, a duty of good faith and fair dealing arose under the Policy, which duty is reciprocal, and Defendant further denies that it has breached any duty of good faith and fair dealing as alleged by Plaintiffs in their Complaint. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 257 of Plaintiffs' Complaint, and therefore denies same.

258. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 258 of Plaintiffs' Complaint, and therefore denies same.

259. The allegations set forth in paragraph 259 of Plaintiffs' Complaint state a legal conclusion to which no answer or other response is necessary or required. To the extent an answer or response is deemed to be required by the Court, Defendant is without information or

knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 259 of Plaintiffs' Complaint, and therefore denies same.

260. Defendant denies the allegations set forth in paragraph 260 of Plaintiffs' Complaint.

261. Defendant denies the allegations set forth in paragraph 261 of Plaintiffs' Complaint.

262. Defendant denies the allegations set forth in paragraph 262 of Plaintiffs' Complaint.

263. Defendant denies the allegations set forth in paragraph 263 of Plaintiffs' Complaint.

264. Defendant denies the allegations set forth in paragraph 264 of Plaintiffs' Complaint.

265. Defendant denies the allegations set forth in paragraph 265 of Plaintiffs' Complaint.

266. Defendant denies the allegations set forth in paragraph 266 of Plaintiffs' Complaint.

267. Defendant denies the allegations set forth in paragraph 267 of Plaintiffs' Complaint.

268. Defendant denies the allegations set forth in paragraph 268 of Plaintiffs' Complaint.

269. Defendant denies the allegations set forth in paragraph 269 of Plaintiffs' Complaint.

270. Defendant denies the allegations set forth in paragraph 270 of Plaintiffs' Complaint.

271. Defendant denies the allegations set forth in paragraph 271 of Plaintiffs' Complaint.

272. Defendant denies the allegations set forth in paragraph 272 of Plaintiffs' Complaint.

273. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 273 of Plaintiffs' Complaint, and therefore denies same.

274. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 274 of Plaintiffs' Complaint, and therefore denies same.

275. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 275 of Plaintiffs' Complaint, and therefore denies same.

276. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 276 of Plaintiffs' Complaint, and therefore denies same.

277. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 277 of Plaintiffs' Complaint, and therefore denies same.

278. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 278 of Plaintiffs' Complaint, and therefore denies same.

279. Defendant denies the allegations set forth in paragraph 279 of Plaintiffs' Complaint.

280. Defendant denies the allegations set forth in paragraph 280 of Plaintiffs' Complaint.

281. Defendant denies the allegations set forth in paragraph 281 of Plaintiffs' Complaint.

282. Defendant denies the allegations set forth in paragraph 282 of Plaintiffs' Complaint.

283. Defendant denies the allegations set forth in paragraph 283 of Plaintiffs' Complaint.

284. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 284 of Plaintiffs' Complaint, and therefore denies same.

285. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 285 of Plaintiffs' Complaint, and therefore denies same.

286. Defendant denies the allegations set forth in paragraph 286 of Plaintiffs' Complaint.

287. Defendant denies the allegations set forth in paragraph 287 of Plaintiffs' Complaint.

288. Defendant denies the allegations set forth in paragraph 288 of Plaintiffs' Complaint.

289. With respect to the allegations set forth in paragraph 289 of Plaintiffs' Complaint, Defendant admits that it was provided notice of the Claim. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 289 of Plaintiffs' Complaint, and therefore denies same.

290. With respect to the allegations set forth in paragraph 290 of Plaintiffs' Complaint, Defendant admits that it inspected the Property. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 290 of Plaintiffs' Complaint, and therefore denies same.

291. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 291 of Plaintiffs' Complaint, and therefore denies same.

292. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 292 of Plaintiffs' Complaint, and therefore denies same.

293. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 293 of Plaintiffs' Complaint, and therefore denies same.

294. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 294 of Plaintiffs' Complaint, and therefore denies same.

295. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 295 of Plaintiffs' Complaint, and therefore denies same.

296. Defendant denies the allegations set forth in paragraph 296 of Plaintiffs' Complaint.

297. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 297 of Plaintiffs' Complaint, and therefore denies same.

298. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 298 of Plaintiffs' Complaint, and therefore denies same.

299. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 299 of Plaintiffs' Complaint, and therefore denies same.

300. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 300 of Plaintiffs' Complaint, and therefore denies same.

**FIRST CLAIM FOR RELIEF**
**(Alleged Breach of Contract)**

301. With respect to the allegations set forth in paragraph 301 of Plaintiffs' Complaint, Defendant reincorporates and re-alleges its responses to the allegations set forth in paragraphs 1 through 300 of Plaintiffs' Complaint as if fully set forth herein.

302. With respect to the allegations set forth in paragraph 302 of Plaintiffs' Complaint, Defendant admits that the Policy is a contract between Plaintiffs and Defendant that provides coverage for the Property pursuant to all applicable terms, conditions, limitations and exclusions. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 302 of Plaintiffs' Complaint, and therefore denies same.

303. With respect to the allegations set forth in paragraph 303 of Plaintiffs' Complaint, Defendant admits that the Policy is a contract between Plaintiffs that provides coverage for the Property pursuant to all applicable terms, conditions, limitations and exclusions, and Defendant paid to or on behalf of Plaintiffs a total of $55,421.66 in connection with the Claim. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 303 of Plaintiffs' Complaint, and therefore denies same.

304. With respect to the allegations set forth in paragraph 304 of Plaintiffs' Complaint, Defendant admits that the Policy is a contract between Plaintiffs and Defendathat provides coverage for the Property pursuant to all applicable terms, conditions, limitations and exclusions, and Defendant paid to or on behalf of Plaintiffs a total of $55,421.66 in connection with the Claim. Defendant is without information or knowledge sufficient to form a belief as to the truth

or falsity of the remaining allegations set forth in paragraph 304 of Plaintiffs' Complaint, and therefore denies same.

305. Defendant denies the allegations set forth in paragraph 305 of Plaintiffs' Complaint.

306. Defendant denies the allegations set forth in paragraph 306 of Plaintiffs' Complaint.

307. Defendant denies the allegations set forth in paragraph 307 of Plaintiffs' Complaint.

308. Defendant denies the allegations set forth in paragraph 308 of Plaintiffs' Complaint.

## SECOND CLAIM FOR RELIEF
**(Alleged Unreasonable Delay and Denial of Insurance Benefits)**

309. With respect to the allegations set forth in paragraph 309 of Plaintiffs' Complaint, Defendant reincorporates and re-alleges its responses to the allegations set forth in paragraphs 1 through 308 of Plaintiffs' Complaint as if fully set forth herein.

310. The allegations set forth in paragraph 310 of Plaintiffs' Complaint state a legal conclusion to which no answer or other response is necessary or required. To the extent an answer or response is deemed to be required by the Court, Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 310 of Plaintiffs' Complaint, and therefore denies same.

311. The allegations set forth in paragraph 311 of Plaintiffs' Complaint state a legal conclusion to which no answer or other response is necessary or required. To the extent an answer or response is deemed to be required by the Court, Defendant is without information or

knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 311 of Plaintiffs' Complaint, and therefore denies same.

312. The allegations set forth in paragraph 312 of Plaintiffs' Complaint state a legal conclusion to which no answer or other response is necessary or required. To the extent an answer or response is deemed to be required by the Court, Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 312 of Plaintiffs' Complaint, and therefore denies same.

313. Defendant denies the allegations set forth in paragraph 313 of Plaintiffs' Complaint.

314. Defendant denies the allegations set forth in paragraph 314 of Plaintiffs' Complaint.

315. Defendant denies the allegations set forth in paragraph 315 of Plaintiffs' Complaint.

316. Defendant denies the allegations set forth in paragraph 316 of Plaintiffs' Complaint.

317. The allegations set forth in paragraph 317 of Plaintiffs' Complaint state a legal conclusion to which no answer or other response is necessary or required. To the extent an answer or response is deemed to be required by the Court, Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 317 of Plaintiffs' Complaint, and therefore denies same.

318. Defendant denies the allegations set forth in paragraph 318 of Plaintiffs' Complaint.

319. Defendant denies the allegations set forth in paragraph 319 of Plaintiffs' Complaint.

**THIRD CLAIM FOR RELIEF**
**(Alleged Common Law Bad Faith)**

320. With respect to the allegations set forth in paragraph 320 of Plaintiffs' Complaint, Defendant reincorporates and re-alleges its responses to the allegations set forth in paragraphs 1 through 319 of Plaintiffs' Complaint as if fully set forth herein.

321. Defendant denies the allegations set forth in paragraph 321 of Plaintiffs' Complaint.

322. With respect to the allegations set forth in paragraph 322 of Plaintiffs' Complaint, Defendant admits that it sent a letter to Plaintiff Fasel Zewde, dated July 23, 2025, together with an estimate in the amount of $9,744,70 RCV, and the letter further stated, in part, that coverage would be provided for the ensuing water loss, subject to the terms, conditions, limitations and exclusions of the Policy including, but not limited to, the Policy exclusion for "wear and tear, marring, deterioration." Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 322 of Plaintiffs' Complaint, and therefore denies same.

323. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 323 of Plaintiffs' Complaint, and therefore denies same.

324. Defendant denies the allegations set forth in paragraph 324 of Plaintiffs' Complaint.

325. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 325 of Plaintiffs' Complaint, and therefore denies same.

326. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 326 of Plaintiffs' Complaint, and therefore denies same.

327. Defendant denies the allegations set forth in paragraph 327 of Plaintiffs' Complaint.

328. Defendant denies the allegations set forth in paragraph 328 of Plaintiffs' Complaint.

329. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 329 of Plaintiffs' Complaint, and therefore denies same.

330. Defendant denies the allegations set forth in paragraph 330 of Plaintiffs' Complaint.

331. Defendant is without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 331 of Plaintiffs' Complaint, and therefore denies same.

332. Defendant denies the allegations set forth in paragraph 332 of Plaintiffs' Complaint.

333. Defendant denies the allegations set forth in paragraph 333 of Plaintiffs' Complaint.

334. Defendant denies the allegations set forth in paragraph 334 of Plaintiffs' Complaint.

335. Defendant denies any and all allegations set forth in Plaintiffs' Complaint not expressly admitted herein.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiffs' Complaint fails, in whole or in part, to state a claim upon which relief may be granted

### Second Affirmative Defense

Plaintiffs' Complaint violates the letter and spirit of Fed. R. Civ. P. 8(a)(2), which simply requires a "***short and plain statement of the claim*** showing the pleader is entitled to relief." (emphasis added).

### Third Affirmative Defense

Plaintiffs' claims may be barred by the terms and conditions of the Policy and are otherwise subject to all applicable terms, conditions, limitations and exclusions of the Policy including, but not limited to, Section I - Perils Insured Against set forth beginning at p. 6 of 18 in HO 00 03 04 91; Policy Exclusion 2(e)(1) for "wear and tear, marring deterioration" set forth in HO 00 03 04 91; Exclusions 2(e)(2)-(3) set forth in HO 00 03 04 91, the Landlord Endorsement – Colorado, FMHO 6502CO 05 23; the Amendatory Mold Fungus, Wet Rot, Dry Rot, Bacteria, or Virus Endorsement, FMHO 3370 11 12; the Policy's Loss Settlement provisions; and the Policy's "Your Duties After Loss."

**Fourth Affirmative Defense**

Plaintiffs' claims may be barred, in whole or in part, due to the acts or omissions of third parties over whom Defendant maintains no control or right of control.

**Fifth Affirmative Defense**

Plaintiffs' claims may be barred, in whole or in part, due to Plaintiffs' failure to mitigate their damages, if any.

**Sixth Affirmative Defense**

Plaintiffs' claims may be barred, in whole or in part, due to the comparative fault of Plaintiffs or Plaintiffs' representatives.

**Seventh Affirmative Defense**

Plaintiffs' claims may be barred, in whole or in part, due to the fact that a *bona fide* value dispute regarding Plaintiffs' Claim does not constitute valid grounds for the assertion of extra-contractual claims for relief.

**Eighth Affirmative Defense**

Plaintiffs' claims may be barred, in whole or in part, due to the expiration of the applicable statute(s) of limitations.

**Ninth Affirmative Defense**

Plaintiffs' claims are barred, in whole or in part, for any pre-existing damage or damage that did not occur during the effective period of the Policy.

**Tenth Affirmative Defense**

Plaintiffs' claims may be barred, in whole or in part, due to the failure to satisfy conditions precedent to coverage under the Policy or the maintenance of this action.

**Defendant reserves the right to add, modify or withdraw any affirmative defenses as may become known during the course of discovery in this matter.**

WHEREFORE, Defendant Liberty Mutual Personal Insurance Company requests that this Court dismiss Plaintiffs' Complaint with prejudice, that judgment be entered in favor of Defendant and against Plaintiffs, and that Defendant be awarded its costs, expenses, interest, expert witness fees, and such other and further relief as this Court deems just and proper.

**DEFENDANT DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Respectfully submitted this 3rd day of November, 2026.

WOMBLE BOND DICKINSON (US) LLP

*s/ Brian J. Spano*
Brian J. Spano, Esq.
1601 19th Street, Suite 1000
Denver, CO 80202
Phone: 303.623.9000
Email: Brian.Spano@wbd-us.com

*Attorneys for Defendant*
*Liberty Mutual Personal Insurance Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd day of November, 2026, a true and correct copy of the foregoing **DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT** was filed via the CM/ECF System and was served upon the following:

Adam Fonta, Esq.
Lionheart Injury Law, LLC
349 S. Holly Street
Denver, Colorado 80246
(720) 763-5207
adam@lionheartinjurylaw.com

*Attorneys for Plaintiffs*

WOMBLE BOND DICKINSON (US) LLP

*s/ Brian J. Spano*
Brian J. Spano, Esq.